UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DISCOVERORG, LLC,<br><br>                Plaintiff,<br>    v.<br><br>TIMLIN ENTERPRISES, INC.,<br><br>                Defendant. | CASE NO. C18-5344RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. #10]. The Court has reviewed the materials filed for and against this motion. Based on the following explanation, the Court **GRANTS** this motion.

**I. FACTS**

DiscoverOrg claims that Timlin, a Massachusetts corporation, transacts business in Washington and has committed tortious acts within this state, advertises its products and services within Washington and directs its products and services through the stream of commerce into Washington.

Timlin's CEO sets the record straight:

"Timlin is a software development and information technology staffing
company located at 255 Cedar Hill Street, Marlborough, Massachusetts and

is a Massachusetts corporation. Its customers are mostly in New England. It has a few customers outside New England, including a few in New York and New Jersey. But as a relatively small company, Timlin focuses its advertising efforts on potential customers in New England.

Timlin does not conduct any business in Washington and derives no revenue from Washington.

Timlin has no offices or employees in Washington.

Timlin has no customers in Washington.

Timlin does not direct any advertising toward Washington."

[Dkt. 11].

The factual allegations that form the basis for DiscoverOrg's claim against Timlin occurred in Massachusetts, and involved Timlin and two Massachusetts-based DiscoverOrg customers of Turbonomic, Inc. and Dynatrace Software, Inc., which are located in Boston and Waltham, Massachusetts, respectively.

A former Timlin employee previously worked for Dynatrace. DiscoverOrg alleges that this employee obtained a list of potential sales leads from Dynatrace that was generated from Dynatrace's access to DiscoverOrg's database, and used that list to market Timlin's services to potential customers.

DiscoverOrg also contends that another list of sales leads was generated from Turbonomic's access to its database, and that Timlin used some of these sales leads.

Nothing in these lists indicated that these leads had come from DiscoverOrg, or were the DiscoverOrg property.

DiscoverOrg claims that Timlin is somehow liable to it even though Timlin was not a customer of DiscoverOrg and had no contract with DiscoverOrg.

In any event, these sales lead lists were both provided to Timlin and used by Timlin (only) within the Commonwealth of Massachusetts.

In response to the CEO's Declaration, DiscoverOrg upped the ante by claiming that Timlin "hacked into" DiscoverOrg's Washington servers and in this way gained access to the database that causes the harm, again in Washington. DiscoverOrg alleges that Timlin does business with Microsoft and Nintex Global in Washington.

Timlin denies the naked accusation that it hacked into any servers and asserts that Timlin does nothing more than sell applications to use with Microsoft Software (Microsoft's New England offices) and sells a single application to its customers in New England. Timlin does not direct any activity toward Washington.

## II. LEGAL STANDARD

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." Id. "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The Ninth Circuit has concluded that "Washington's long-arm statute extends jurisdiction over a defendant to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012).

Under the Due Process Clause, there are two types of personal jurisdiction, general and specific. *Id*. at 801.

> For general jurisdiction to exist over a nonresident defendant … the defendant must engage in "continuous and systematic general business contacts," … that "approximate physical presence" in the forum state. … This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.

*Id*. In contrast:

> The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" … For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. Two related aspects of this necessary relationship are relevant in this case.

*Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014) (internal citations omitted); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, ___, 2017 U.S. App. LEXIS 21801, *5 (9th Cir. Nov. 1, 2017) (For specific jurisdiction inquiries, "Our 'primary concern' is 'the burden on the defendant.'").

As another Court in this District has recognized concerning specific jurisdiction for intentional torts, this Court applies a three-part "effects" test derived from *Calder v. Jones*, 465 U.S. 783 … (1984). … Under this test, a defendant purposefully directed his activities at the forum if he: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Williams Bus. Servs. v. Waterside Chiropractic, Inc.*, No. C14-5873 BHS, 2016 U.S. Dist. LEXIS 60529, at *9 (W.D. Wn. May 6, 2016) (Settle, J.) (internal citations omitted). As Judge Settle also explained:

> In applying this test, the Court must "look[ ] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." … Thus, a "mere injury to a forum resident is not a sufficient connection to the forum." … Rather, "an injury is jurisdictionally relevant

only insofar as it shows that the defendant has formed a contact with the
forum State."

*Id*. (internal citations omitted). Judge Settle relied on Walden, in which the Supreme Court made clear that the relationship between the defendant and the plaintiff is irrelevant:

> Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant — not the convenience of plaintiffs or third parties. … We have consistently rejected attempts to satisfy the defendant focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.

*Id*. (internal citations omitted). The Supreme Court also emphasized that "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. As the Supreme Court summarized, personal jurisdiction cannot "rely on a defendant's 'random, fortuitous, or attenuated contacts' or on the 'unilateral activity' of a plaintiff." *Id*. at 1123.

This Court lacks general personal jurisdiction over Timlin since Timlin does not engage in continuous and systematic general business contacts that approximate physical presence in the State of Washington. This Court lacks specific jurisdiction because Timlin has not engaged in sufficient suit-related conduct in Washington to create any, much less a substantial connection with the State. Timlin is not incorporated in Washington, has no offices or employees in Washington, earns no revenue from Washington, and directs no marketing or other activities toward Washington. Furthermore, the acts by Timlin forming the basis of this suit, its receipt and use of data that DiscoverOrg claims belongs to it, occurred in Massachusetts, where Timlin is incorporated and does business. Indeed, the two companies from which Timlin received the data, Turbonomic and Dynatrace Software, are both in Massachusetts.

The Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. #10] is **GRANTED**. The Motion to Dismiss for Improer Venue [Dkt. #11] is **MOOT** and therefore **DENIED**. Plaintiff's request that "this Court should permit jurisdictional discovery to allow DiscoverOrg to ascertain the extent of Timlin's knowledge of its employees' conduct and its familiarity with the origins of DiscoverOrg's data" is **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd day of July, 2018.

Ronald B. Leighton
United States District Judge